# Exhibit C

NO. BD-2006-045

## IN RE: STUART H. SOJCHER

### S.J.C. Judgment of Disbarment entered by Justice Spina on June 28, 2007.[1]

### SUMMARY[2]

In January 2006, the owner of two condominiums in Braintree, MA, retained the respondent to represent her in the sale of the properties to a third party. In addition, the respondent acted as the settlement agent for the lenders involved in the transactions.

Between January 9, 2006, and January 27, 2006, the lenders wire-transferred approximately $1.3 million in loan proceeds into the respondent's conveyancing account. From these funds, the respondent was required to disburse at least $1 million to pay off mortgages and liens on the properties. The respondent did not pay off all of the mortgages and liens, but, instead, commingled at least $1 million of the sale proceeds with his own funds and converted the funds to his own use.

In August 2006, the seller learned that certain of the obligations that should have been discharged remained outstanding on the properties. The seller requested that the respondent provide an accounting of the proceeds from the sale of the properties. The respondent did not provide the seller with the requested accounting and did not pay off the obligations. On November 16, 2006, the Supreme Judicial Court for Suffolk County, (Spina, J.), entered an order temporarily suspending the respondent from the practice of law. On November 20, 2006, the respondent was served with a copy of the Court's order of suspension. Pursuant to the order and Supreme Judicial Court Rule 4:01, the respondent was required to notify all of his clients of his suspension from the practice of law and to close all IOLTA and fiduciary accounts. In addition, by December 11, 2006, the respondent was required to file an affidavit with bar counsel and with the Clerk of the Supreme Judicial Court for Suffolk County certifying that he had fully complied with provisions of the Order of suspension. The respondent failed to file an affidavit of compliance with bar counsel and the court.

The respondent's commingling of the sale proceeds with his own funds, his failure to maintain the sale proceeds in a proper account, and his conversion of the sale

proceeds to his own use violated Mass. R. Prof. C. 1.15(b) (a lawyer shall hold property of clients or third parties separate from the lawyer's own property ) and 8.4(c) and (h) (lawyer prohibited from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and adversely reflecting on a lawyer's fitness to practice law).

The respondent's failure promptly to pay the liens and mortgages and to secure the necessary discharges violated Mass. R. Prof. C. 1.2(a) (lawyer shall seek the lawful objectives of his client) and 1.15(c) (a lawyer must promptly turn over funds to persons entitled to receive them).

The respondent's failure to respond to the client's request for information regarding the disbursement of the loan proceeds, his failure to notify his client that he had not paid off the liens on the properties, and his failure to account to his client for his use of the loan proceeds violated Mass. R. Prof. C. 1.4(a) and (b) (lawyer shall keep a client reasonably informed about the status of a matter and explain a matter to the extent reasonably necessary to permit the client to make informed decisions) and 1.15(d) (lawyer shall promptly render an account upon request by client).

The respondent's failure to comply with the terms of his temporary suspension from the practice of law violated Mass. R. Prof. C. 3.4(c) (lawyer shall not knowingly disobey an obligation under the rules of a tribunal) and 8.4(d) (prohibiting conduct prejudicial to the administration of justice) and (h).

On February 9, 2007, bar counsel filed a petition for discipline against the respondent. The respondent did not file an answer to the petition for discipline and was notified that he had defaulted and the allegations and disciplinary violations were deemed admitted. On April 10, 2007, the respondent filed a letter with the Board of Bar Overseers consenting to disbarment. On May 14, 2007, the Board voted to recommend to the Supreme Judicial Court that the respondent be disbarred.

On June 28, 2007, the Supreme Judicial Court for Suffolk County entered an order of disbarment, effective immediately upon the entry of the Judgment.

[1] The complete Order of the Court is available by contacting the Clerk of the Supreme Judicial Court for Suffolk County.

[2] Compiled by the Board of Bar Overseers based on the record submitted to the Supreme Judicial Court.

---

Site Index Go!

BBO/OBC Privacy Policy. Please direct all questions to webmaster@massbbo.org.