# Exhibit H

2005 00115546
Bk: 37925 Pg: 1 Doc: MTG
Page: 1 of 9 08/30/2005 10:14 AM

# MORTGAGE

BERNARD J. LAVERTY, JR., TRUSTEE OF B & S REALTY TRUST, u/d/t dated September 23, 2003 and recorded with the Suffolk County Registry of Deeds at Book 32861, Page 334, having an address of 314 West Second Street, S. Boston, MA 02127 (hereinafter referred to as the "Mortgagor"), for consideration paid grants to MARK D. SAVAGE, TRUSTEE OF GMCR LENDING TRUST, u/d/t dated January 15, 2004 and recorded with the Suffolk County Registry of Deeds at Book 33664, Page 209, having an address of 376 Boylston Street, Boston, MA 02116 (hereinafter referred to as the "Mortgagee"), with mortgage covenants to secure (a) the payment of TWO HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($250,000.00), within twelve (12) months or any extension or modification thereof, with interest thereon, payable monthly in arrears, all as provided in a certain Promissory Note of even date (hereinafter the "Note"); (b) the performance of all covenants, conditions and agreements in this Mortgage; and the performance of all covenants, conditions and agreements contained in other financing documents, all of even date; and (c) all Obligations (as hereinafter defined) of the Mortgagor (as hereinafter defined) in favor of the Mortgagee. "Obligations" means any and all obligations, liabilities, indebtedness, advances and loans owing by the Mortgagor to the Mortgagee of every kind and description, direct or indirect, absolute or contingent, primary or secondary, secured or unsecured, due or to become due, now existing or hereafter arising, regardless of how they arise or by what agreement or instrument they may be evidenced or whether evidenced by any agreement or instrument, and includes obligations to perform acts and refrain from taking action as well as obligations to pay money. "Mortgagor" means the Mortgagor and its co-makers and guarantors, and if the Mortgagor is not a natural person, its principals, shareholders and beneficiaries.

153 Rowe St
Roslindale

Mortgagor hereby grants to Mortgagee this Mortgage in the premises known as and numbered 153 Rowe Street, Roslindale, Suffolk County, Massachusetts, all as more particularly described in Exhibit A attached hereto and incorporated herein (hereinafter sometimes called the "Mortgaged Premises").

This mortgage is upon the STATUTORY CONDITION and upon the further condition that all covenants and agreements on the part of the MORTGAGOR herein contained or herein referred to shall be fully kept and performed, for any breach of which the MORTGAGEE shall have the STATUTORY POWER OF SALE.

Attested hereto
Francis M. Roache
Francis M. Roache
Register of Deeds
Suffolk District



Please Return To:
Law Offices
Gilmartin, Magence, Camiel & Ross LLP
376 Boylston Street
Boston, MA 02116

The MORTGAGOR hereby assigns, transfers and sets over to the MORTGAGEE, as collateral security for this mortgage and for all obligations secured hereby, any and all rents, profits and payments now due or which hereafter may become due to the MORTGAGOR from the leasing, letting or other use of the Mortgaged Premises described above; said rents, profits and payments to be collected by the Mortgagor so long as there is no default in the making of any payment or in the performance of any conditions or covenant provided for by the terms of this mortgage and all obligations secured hereby. The Mortgagor agrees that in the event of any such default, written notice of such default by the Mortgagee to any lessee, tenant, occupant or licensee of said Mortgaged Premises shall authorize and require said lessee, tenant, occupant or licensee to pay all rents, or other sums of money then due and due thereafter directly to the Mortgagee, until further notice by the Mortgagee. The Mortgagor further agrees that he will not anticipate or assign any lease in connection with the Mortgaged Premises without the written consent of the Mortgagee; and the Mortgagor covenants not to anticipate or assign any such rents, profits, payments or deposits to others, now due or hereafter becoming due from the leasing, letting or other use of the Mortgaged Premises described above.

The Mortgagor covenants to pay when due all taxes, charges, assessments, water rates, sewer use charges and other charges which may form the basis of a lien or expense upon or in connection with the Mortgaged Premises or any interest therein or upon any of the Obligations secured hereby.

The Mortgagor covenants to keep the buildings and other improvements, if any, now or hereafter on the Mortgaged Premises insured against fire and such other casualty, casualties or contingencies as the Mortgagee may from time to time require, all such insurance policies to be deposited with, and payable in case of loss to the Mortgagee, and to be written in such form and for such period and amounts as the Mortgagee shall from time to time approve or require, hereby granting to the Mortgagee, in the event of default, authorization as Attorney, irrevocable of the Mortgagor to cancel such insurance, and to retain the return premium thereof and to transfer such insurance to any persons or person claiming title to the Mortgaged Premises or any part thereof by virtue of foreclosure proceedings or otherwise.

The Mortgagor covenants to cause, at the request of the Mortgagee, the Mortgagee to be named as an additional insured on any liability insurance policy maintained in respect to the Mortgaged Premises and further covenants to effect such liability insurance at the request of the Mortgagee, such insurance to be on such terms and in such form and for such periods and amounts as the Mortgagee shall from time to time approve or require.

The Mortgagor covenants to keep the Mortgaged Premises in good order, condition and repair, and Mortgagor covenants that the Mortgagor will not permit or suffer any strip or waste of the Mortgaged Premises. The Mortgagor further covenants and agrees that in the event of default by Mortgagor, including, without limitation, Mortgagor's failure to complete any improvements and/or repairs to the Mortgaged Premises referenced by any document or agreement of even date executed by the Mortgagor, then Mortgagee may enter the Mortgaged Premises and make such improvements and/or repairs deemed necessary by Mortgagee, and the cost of all such improvements and/or repairs shall be added to the principal balance of the Note and be due from Mortgagor to Mortgagee at the rate then in effect under said Note. Furthermore, in the event Mortgagee determines, in its sole discretion, that it must manage the Mortgaged Premises to protect its secured interest, then Mortgagor covenants and agrees to pay to Mortgagee, on demand, a reasonable fee for the management of the Mortgaged Premises. In the event such fee is not promptly paid to Mortgagee, Mortgagee may add such fee to the principal sum secured hereby, and until repaid such amount shall bear interest at the same rate as the principal sum secured hereby.

The Mortgagor covenants to assign to the Mortgagee upon request any leases now or hereafter made affecting the Mortgaged Premises, such assignments to be by instruments in form satisfactory to the Mortgagee subject to terms of this mortgage. The Mortgagor hereby appoints the Mortgagee attorney irrevocable to assign as above provided any lease not assigned by the Mortgagor upon request.

The Mortgagor covenants that no occupant, including, without limitation, the Mortgagor, will use the Mortgaged Premises, or any portion thereof, in violation of any law, and that whenever, in consequence of an alleged violation, the occupant's use of the Mortgaged Premises shall be prohibited or enjoined by any public official or court, the violation shall be deemed conclusively proved for the purposes of this mortgage.

The Mortgagor covenants to make equal monthly payments to the Mortgagee or a Senior Mortgagee, sufficient to amortize the amount (estimated by the Mortgagee) of all taxes and assessments laid against the Mortgaged Premises, within a period ending one month prior to the due date of such taxes and assessments. The Mortgagee shall hold such monthly payments to pay such taxes and assessments when due and payable, without earnings or interest thereon, and in the event of the foreclosure of this mortgage, all such payments shall be credited to the amount of the principal obligations remaining unpaid to the extent that they have not been used for the payment of taxes and assessments as provided herein. So long as Mortgagor shall make monthly payments of such taxes to any mortgagee, whose mortgage is prior in right to the mortgage herein granted, the covenant of the Mortgagor with respect to said monthly payments of taxes shall be deemed to have been performed.

The Mortgagor covenants to comply with all the terms and conditions of any junior and/or senior financing and any Notes which they may secure. Mortgagor further covenants and agrees that in the event that Mortgagor defaults for failure to comply with any of the terms, conditions, and covenants of any junior and/or senior financing, then, in that event, Mortgagor hereby irrevocably authorizes Mortgagee to make any payment required of Mortgagor thereunder when due and/or take any other action or expend any other sums of money necessary in order to cure Mortgagor's default thereunder, including without limitation bringing such junior or senior financing current or paying in full the accumulated outstanding balance of such junior or senior financing. All such payments made by Mortgagee and the amount of any costs and expenses incurred in connection therewith shall be added to the principal sum of the debt secured hereby and shall be secured by the lien of this Mortgage.

The Mortgagor hereby authorizes the Mortgagee to pay any taxes, charges, assessments, and water rates and other exactions of governmental authority to whomsoever laid or assessed whether on the Mortgaged Premises or on any interest therein or on any of the Obligations secured hereby, with interest, costs and charges, accrued thereon, which may at any time be lien upon the Mortgaged Premises or any part thereof; to pay any amount which may become due under any mortgage, lien or encumbrance prior in right to the mortgage herein granted; to pay the premiums for any insurance required hereunder, to incur and pay reasonable expenses including attorney's fees, in protecting the Mortgagee's rights hereunder and the security agreement on any articles or fixtures now or hereafter

included as a part of the Mortgaged Premises or used in connection therewith; to expend such sums for repairs as may be reasonably necessary to keep the Mortgaged Premises in good order, condition and repair; to add all amounts so paid to the principal sum secured hereby, and until repaid such amounts to bear interest at the same rate as the principal sum secured hereby; to apply to any of those purposes or to repayment of any amounts so paid by the Mortgagee any sums paid hereunder by the Mortgagor as principal, interest, taxes or otherwise.

The Mortgagor agrees and understands that upon the sale or transfer of all or any substantial portion of the Mortgaged Premises (and for the purpose of the foregoing, a sale or transfer of a substantial portion of the beneficial or legal ownership of the firm, trust, corporation, or entity comprising the Mortgagor, change of general partners of a limited partnership Mortgagor, or the lease of all or substantially all of the premises to a single lessee for a term, including options or renewal periods, in excess of one year), or if the title thereto shall become vested in a person or persons in any manner whatsoever, foreclosure proceedings under any junior mortgage or any junior lien of any kind of the within described premises, or any part thereof, should be instituted, or in the event of any levy or sale upon execution or other proceedings of any nature whereby the owner of the premises shall be deprived of the owner's title or right of possession to the premises, or any part thereof, then the same shall constitute a sale or transfer of the premises, giving the Mortgagee the option to accelerate the obligations hereby secured as aforesaid, and to declare the said mortgage indebtedness without notice or demand, immediately due and payable. Failure to exercise this option on the part of the holder shall not constitute a waiver as to subsequent breaches or defaults.

The Mortgagor covenants that in the event the ownership of the Mortgaged Premises or any part thereof becomes vested in any other person than the Mortgagor, with our without consent, the Mortgagee may, without notice to the Mortgagor, deal with such successor or successors in interest with reference to this mortgage and the obligations secured hereby in the same manner as with the Mortgagor, without in any way affecting or discharging the Mortgagor's liability hereunder or the Obligations hereby secured; and no forbearance on the part of the Mortgagee and not extensions of the time for the payment, the performance of any of the obligations of the Mortgagor as set forth herein or other indulgences shall operate to release, discharge, modify, change or

affect the liability of the Mortgagor herein, either in whole or in part.

In the event of redemption after foreclosure proceedings have been commenced, the Mortgagee shall be entitled to collect all costs, charges and expenses, including reasonable attorney's fees, incurred up to the time of redemption. In case of foreclosure sale the Mortgagee shall be entitle to retain out of the monies arising from such sale, all sums then secured by this mortgage, whether then or thereafter payable, including all costs, charges, or expenses, including reasonable attorney's fees, incurred or sustained by the Mortgagee by reason of any default in the performance or observance of any condition of this mortgage, and the Mortgagee shall further be entitled to retain as compensation three percent (3%) of the purchase money.

The Mortgagor covenants that in case the Mortgagee, in the exercise of the Power of Sale herein given, elects to sell in parcels, said sale may be held from time to time and that the said Power of Sale shall not be exhausted until all of the granted premises not previously released have been sold.

The Mortgage covenants that in case the Mortgagee, in the exercise of the Power of Sale herein given, elects to sell in parcels the premises then subject to this mortgage, the Mortgagee may sell all the parcels then subject to this mortgage, notwithstanding that the proceeds of such sales may exceed the obligations then secured hereby.

The Mortgagee is hereby authorized to apply the proceeds of any insurance recovered by reason of any loss to the satisfaction of the obligations secured hereby, whether or not this mortgage or any of the obligations secured hereby are in default.

Included in this Mortgage as part of the real estate are all of the following articles now or hereafter on the above described premises or used therewith; portable or sectional buildings, furnaces, heaters, ranges, mantels, gas and electric light fixtures, refrigerators, refrigeration equipment, ventilating and air conditioning equipment, garbage incinerator receptacles and disposals, doorbells and alarm systems, built-in cases, cabinets, counters and drawers, screens, screen doors, awnings, and all other fixtures or equipment of whatever kind and nature at present contained in said buildings, or placed therein prior to the full payment and discharge of this mortgage.

The Mortgagor warrants, represents and certifies to the Mortgagee as a material inducement to make the loan secured hereby that: (i) all of the proceeds of the Note shall be used for business or commercial purposes; (ii) no portion of the proceeds of any loan secured hereby shall be used for personal, family or household purposes; (iii) neither the Mortgagor nor any beneficiary thereof resides, or presently intends to reside, in all or any portion of the Mortgaged Premises.

It is hereby agreed that this Mortgage is security for the payment of the aforesaid obligation and all other direct and contingent liabilities of the Mortgagor hereof to the Mortgagee, due or to become due whether now existing or hereafter contracted.

The use of the singular herein shall include the plural, and the use of the plural shall include the singular, and the use of the masculine gender shall include the feminine and the use of the feminine shall include the masculine, and the use of the neuter shall include both the masculine and the feminine.

The Mortgagor hereby grants to the Mortgagee a security interest in the following: all fixtures, furnishings, equipment and articles of personal property now owned or hereafter acquired by the Mortgagor which are now or may in the future by attached to, appurtenant to or used in connection with the herein Mortgaged Premises together with any and all replacements thereto and substitutions therefor; all proceeds, of any character, from the sale, exchange or other disposal of said fixtures, furnishings, equipment or articles of personal property; all present and future rents, issues and profits of the Mortgaged Premises; all prior, pending and future tax abatements thereon, and all leases and tenancies affecting the Mortgaged Premises; all architectural, engineer or surveyor's plans prepared in connection with submitting the premises to General Laws, Chapter 183A, together with documents, memoranda and agreements prepared or executed pursuant thereto or in connection therewith, and at the option of the mortgagee, contract rights of the mortgagor in connection with any sale of any units in the premises. The Mortgagor agrees that the foregoing grant of a secured interest (said collateral being sometimes hereafter referred to as the "Personal Property"), shall be deemed to be a portion of the security for the indebtedness hereby secured and for performance required hereunder, under the Guaranty hereby secured and any other agreements given to secure

the said Guaranty. Mortgagor agrees the Mortgagee shall have, with respect thereto (in addition to all other rights and remedies hereunder), all rights and remedies of a secured party under the Massachusetts Commercial Code, so-called. This Mortgage is intended also to be a Security Agreement with respect to the Personal Property.

Upon request of the Holder hereof, the Mortgage will promptly cause this Mortgage and/or financing statements to be recorded and re-recorded, registered and re-registered, filed and re-filed at such time and places as may be required by law or deemed advisable by the Holder to create, preserve or protect the lien hereof upon the Personal Property of any part thereof; and that Mortgagor will from time to time do, and cause to be done, all such things as may be required by the Holder or required by law, including all things which may from time to time be necessary under the Massachusetts Uniform Commercial Code, fully to create, preserve and protect the lien hereof upon the Personal Property. The Mortgagor hereby irrevocably appoints the Mortgagee to execute, acknowledge and deliver all such instruments and the like on behalf of the Mortgagor which the Mortgagor fails or refuses to do.

Upon default by Mortgagor with respect to the Personal Property, the Holder shall have all remedies of a secured party under the Massachusetts Uniform Commercial Code as now in effect, including without limitation, the option to proceed against both the real estate and Personal Property under the law relating to foreclosure of real estate mortgages, and such further remedies as from time to time may hereafter be provided by Massachusetts law to a Secured Party, and upon the condition that all rights of the Holder under this Mortgage and Security Agreement as to the real estate and personal property may be exercised together or separately.

In exercising its POWER OF SALE as a Secured Party or Mortgagee under this instrument, the Holder may sell the Personal Property or any part thereof either as one unit or in such separate units, all as the Holder may in its discretion elect; and pursuant thereto the Holder hereof may sell the Personal Property or any part thereof either separately from or together with the whole or any part of other collateral which may constitute security for payment and performance of all matters for which the Personal Property is hereby given as collateral, all as the Holder may in its discretion elect.

WITNESS my hand and seal this 25th day of August, 2005.

B & S REALTY TRUST

By: Bernard J. Laverty, Jr.,
Trustee

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss. August 25, 2005

Then personally appeared the above-named Bernard J. Laverty, Jr., Trustee as aforesaid, who produced satisfactory evidence of identification (MA driver's license), and acknowledged the foregoing instrument to be his free act and deed and the free act and deed of B & S Realty Trust, before me.

STEVEN A. ROSS
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMM. EXPIRES FEB. 16, 2012

Steven A. Ross, Notary Public
My Commission expires: 2/16/12

# EXHIBIT A

A certain parcel of land with the improvements thereon situated on Rowe Street, being numbered 153, Roslindale, Boston, Suffolk County, Massachusetts.

Being shown as Lot 1 on a plan entitled "Subdivision of Plan made by W.C. Bates, Surveyor, February 27, 1906" duly recorded with Suffolk Registry of Deeds, Book 3203, Page 529, to which plan reference is hereby made for a more particular description, and containing 2,766 square feet of land according to said plan.

Said premises are now known as and numbered 153 Rowe Street.

For title, see Book 32862, Page 1.

CONDITIONAL ASSIGNMENT OF LEASES AND RENTS

ASSIGNMENT, made as of this 25th day of August, 2005 by BERNARD J. LAVERTY, JR., TRUSTEE OF B & S REALTY TRUST, u/d/t dated September 23, 2003 and recorded with the Suffolk County Registry of Deeds at Book 32861, Page 334, having an address of 314 West Second Street, S. Boston, MA 02127 (hereinafter referred to as "Borrower") to MARK D. SAVAGE, TRUSTEE OF GMCR LENDING TRUST, u/d/t dated January 15, 2004 and recorded with the Suffolk County Registry of Deeds at Book 33664, Page 209, having an address of 376 Boylston Street, Boston, MA 02116 (hereinafter referred to as "Lender").

Reference is made to a (i) a Promissory Note ("Note") dated August 25, 2005 in the original principal amount of TWO HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($250,000.00), from Borrower as maker to Lender as payee, (ii) a mortgage of even date herewith granted by Borrower to Lender securing the Note ("Mortgage") and encumbering the premises more particularly described on Exhibit A attached hereto and made a part hereof known as 153 Rowe Street, Roslindale, Suffolk County, Massachusetts ("Premises"), and (iii) any and all other documents executed in connection with the loan (the "Loan") evidenced by the Note and Mortgage (all of which are collectively referred to as the "Instruments").

In order to secure further (i) the prompt payment of the indebtedness of Borrower to Lender evidenced by the Note, (ii) the performance of the obligations of Borrower under the Instruments, and (iii) in consideration of the making of the loan represented by the Note, Borrower does hereby assign, transfer, and set over unto Lender (i) all rents and other payments required of lessees, tenants, occupants, licensees, concessionaires, or other persons or parties (hereinafter collectively referred to as "Tenants"), whether or not designated as rent or additional rent (including without limitation security deposits, tax or operating expense escalation payments, percentage rent, or any other payments from any license, use permit, or concession), and any other issues and profits (collectively referred to as "rents") arising from any rental units, space or rentable facilities within, on or appurtenant to the Premises or any portion thereof, whether under existing leases, licenses, tenancies, occupancies, or concessions or agreements of any sort, written or unwritten (collectively referred to as "leases"), or under any leases hereafter arising (of which Borrower agrees to give Lender prompt written notice),

Attested hereto
Francis M. Roache
Francis M. Roache
Register of Deeds
Suffolk District



Please Return To:
Law Offices
Gilmartin, Magence, Camiel & Ross LLP
376 Boylston Street
Boston, MA 02116

and (ii) all of Borrower's contractual rights now existing or hereafter arising between Borrower and any Tenant with respect to the Premises, regardless of whether or not such rights run with the land.

This assignment shall become operative, at the option of Lender, and is exercisable without the need of written notice, upon any event of default by Borrower under the terms of any of the Instruments.

Borrower hereby authorizes Lender, its employees and agents, at Lender's option, after the occurrence of any such default and without notice to enter upon the Premises and to collect, in the name of Borrower or in Lender's name as assignee, the rents accrued but unpaid and in arrears at the date of such default, as well as the rents thereafter accruing and becoming payable; Borrower further agrees that Borrower will facilitate in all reasonable ways Lender's collection of said rents, and will, upon request by Lender, execute a written notice to each Tenant directing the Tenant to pay rent to Lender.

Borrower also authorizes Lender, its employees and agents, at its option after such default, to enforce all or any of such contractual rights as may have been assigned hereby, and Borrower hereby irrevocably appoints Lender its attorney in fact, coupled with an interest, to do all acts pertaining thereto in its place and stead.

Borrower also authorizes Lender, its employees and agents, upon such entry, at Lender's option, to take over and assume management, operation and maintenance of the Premises and in connection therewith to perform all acts and to expend such sums out of the rents or any other income of the Premises as Lender may deem advisable, in the same manner and to the same extent as Borrower might do, including the right to enter into new leases, to cancel or surrender existing leases, to alter or amend terms of existing leases, to renew existing leases, or to make concessions to or deal in any other way with Tenants; Borrower hereby releases all claims against Lender arising out of or in connection with such management, operation, and maintenance, except the obligation of Lender to account as hereinafter set forth.

Lender shall, after payment of all costs and expenses, including reasonable attorneys' fees and reasonable compensation to itself

or to such managing agent as it shall in its sole judgment select and employ, and after the accumulation of all proper reserves (including without limitation reserves for taxes, assessments, utilities, and fire and liability insurance), credit the net amount of income received by it from the Premises by virtue of this assignment to any amounts due and owing to it by Borrower under the terms of any of the Instruments. The manner of the application of such net income and what items shall be credited shall be determined in the sole discretion of Lender. Lender shall not be accountable for more monies than it actually receives from the Premises; nor shall it be liable for failure to rent or lease vacant space, collect rents or enforce other obligations of tenants. Lender shall make reasonable efforts to collect rents, reserving, however, within its own discretion, the right to determine the method of collection and the extent to which enforcement of collection of delinquent rents or the eviction of delinquent Tenants shall be prosecuted.

Borrower covenants and warrants to Lender that neither Borrower nor, to the best of Borrower's knowledge, any previous owner has executed any prior assignment or pledge of the rents of the Premises or any other contract rights hereby assigned nor any prior assignment or pledge of the landlord's interest in any lease of the whole or any part of the Premises. Borrower also hereby covenants and agrees not to collect the rents of the Premises in advance, other than such payments as are required to be paid in advance by the terms of any lease which has been approved by Lender, and further agrees not to do any other act which would destroy or impair the benefits to Lender of this Assignment.

Lender shall not be obligated to perform or discharge any obligation, duty or liability under any leases, and Borrower shall indemnify and hold Lender harmless from any liability, loss, or damage which it might incur under the leases, by reason of this Assignment, or from any other claims or demands which may be asserted against Lender by reason of any alleged obligation or undertaking on its part to be performed or discharged under any of the leases. If Lender incurs any such liability, loss or damage or in the defense of any such claims or demands, Borrower shall immediately, upon demand, reimburse Lender for the amount thereof, including costs, expenses, and attorneys' fees and any failure to promptly reimburse Lender shall cause such amounts to be added to the debt secured hereby and shall earn interest at the rate set forth in the Note.

Entry by Lender upon the Premises under the terms of this Assignment shall not constitute Lender a "mortgagee in possession" in contemplation of law, except at the option of Lender expressed in writing.

Notwithstanding anything set forth hereinabove, Borrower does not have to obtain Lender's prior written consent to enter into any lease which will generate reasonable "market level" rentals and which is not more than one year in duration.

The provisions of this Assignment shall be binding upon Borrower and Borrower's legal representatives, successors and assigns and shall inure to the benefit of the Lender and its successors and assigns. The word "Borrower" shall be construed to mean any one or more persons or parties who are holders of the legal title or equity of redemption to the Premises.

This assignment shall remain in full force and effect as long as the obligations secured by the Mortgage debt remain outstanding and only a discharge of the Mortgage appearing of record in the Registry of Deeds or Registry District where the Mortgage is recorded or filed shall operate as a release of all Lender's rights and interest hereunder.

This Assignment shall have the effect of an instrument under seal.

WITNESS my hand and seal this 25th day of August, 2005.

B & S REALTY TRUST

By: ____________________
Bernard J. Laverty, Jr.,
Trustee

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss. August 25, 2005

Then personally appeared the above-named Bernard J. Laverty, Jr., Trustee as aforesaid, who produced satisfactory evidence of identification (MA driver's license), and acknowledged the foregoing to be his free act and deed and the free act and deed of B & S Realty Trust, before me.

STEVEN A. ROSS
MY COMM. EXPIRES FEB. 16, 2012
COMMONWEALTH OF MASSACHUSETTS
NOTARY PUBLIC

Steven A. Ross, Notary Public
My Commission Expires: 2/12/12

# EXHIBIT A

A certain parcel of land with the improvements thereon situated on Rowe Street, being numbered 153, Roslindale, Boston, Suffolk County, Massachusetts.

Being shown as Lot 1 on a plan entitled "Subdivision of Plan made by W.C. Bates, Surveyor, February 27, 1906" duly recorded with Suffolk Registry of Deeds, Book 3203, Page 529, to which plan reference is hereby made for a more particular description, and containing 2,766 square feet of land according to said plan.

Said premises are now known as and numbered 153 Rowe Street.

For title, see Book 32862, Page 1.